Citation Nr: 1725268 
Decision Date: 06/22/17 Archive Date: 07/17/17

DOCKET NO. 12-19 026 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a right knee disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. J. Anthony, Associate Counsel


INTRODUCTION

The Veteran had active service from October 1998 to October 2003.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In February 2015, the Veteran testified at a hearing before the undersigned Veterans Law Judge via video conference. A transcript of the hearing is associated with the record.

The Board remanded this matter in March 2015.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that this matter must be remanded for further development before a decision may be made on the merits.

The Veteran seeks entitlement to service connection for a right knee disability. He has reported that, during his active service with the United States Coast Guard, he slipped, fell, and hit his right knee while performing a rescue. He then experienced pain and swelling in the right knee, which he treated with ibuprofen and by applying heat and cold. He did not seek medical treatment for the right knee in service because he was on flight orders and could not take time off and because of military culture, which "frowned upon" seeking medical attention. In addition, he did not seek medical treatment for the right knee until 2009 because he was not aware of his VA medical benefits, he did not have private insurance, and he could not afford to pay for treatment. Furthermore, he did not have any right knee injuries between the in-service falling injury and 2009 when he underwent right knee surgery See February 2015 Board hearing transcript. Although the Veteran's in-service right knee injury is not documented in the service treatment records, the service treatment records do show that the Veteran complained of a sore knee at a physical examination in August 2003. In addition, the Veteran has submitted a lay witness statement from M. Pipkin, who acted as the rescue swimmer on the rescue mission during which the Veteran hit his right knee. In the statement, M. Pipkin recalls that the Veteran slipped on the wet floor and hurt his right knee while pulling people into the helicopter. The record shows that the Veteran has been diagnosed with a torn lateral meniscus of the right knee, for which he underwent a partial meniscectomy in October 2009, and with degenerative arthritis of the right knee.

Pursuant to the Board's March 2015 remand, the Veteran was afforded a VA examination in July 2015 as to his right knee disability. The July 2015 VA examiner reviewed the record, interviewed the Veteran, and examined the Veteran. The examiner opined that the Veteran's right knee disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. As a rationale for the opinion, the examiner explained that there is no documentation in the medical record of a right knee injury. There is a report of soreness of the knees documented in August 2003, but no diagnosis of a chronic knee condition diagnosed on active duty. There is no record that the Veteran had continuing symptoms of, diagnosis of, or treatment of a right knee condition while on active duty. In addition, the medical evidence after discharge is silent regarding right knee complaints until 2009, 7 years after the alleged injury. Therefore, there is no medical evidence to indicate that an injury occurred while on active duty, or to detail the severity of any such injury, or the presence of ongoing symptoms thereafter. There is therefore no evidence to link any such injury to his present knee condition.

The Board finds that the July 2015 VA examiner's opinion is inadequate for decision-making purposes for the following reasons. First, the examiner's statement that "There is no record that the Veteran had continuing symptoms of . . . a right knee condition while on active duty" is inconsistent with the record. The Veteran has reported that, following the initial injury and throughout his active service, he continued to experience pain and other symptoms. The Veteran is competent to report symptoms such as pain and swelling, and to report his self-treatment of those symptoms with over-the-counter medications and with heat and cold. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). The Board also finds the Veteran to be credible in that regard, as there is nothing in the record that impugns his statements as to the issue. As such, there is competent and credible evidence of continuing symptoms following the in-service falling injury. Second, the examiner's conclusion that "there is no medical evidence to indicate that an injury occurred while on active duty" relies solely on the absence of contemporaneous medical evidence to find the Veteran's statements as to the in-service injury not credible. However, the mere absence of contemporaneous medical documentation of treatment does not alone render lay testimony not credible. Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006). The Veteran is competent to report slipping, falling, and hitting his knee. See Layno, 6 Vet. App. 469. His reports are supported by M. Pipkin's statement and are consistent with the circumstances of the Veteran's service. See 38 U.S.C.A. § 1154(a) (West 2014). Additionally, the Veteran has provided plausible reasons for why his injury and continuing symptoms were not documented in the medical record. The Board finds no reason to doubt that the reported fall and injury occurred. Finally, the examiner's statement that "there is no medical evidence to indicate . . . the presence of ongoing symptoms" after the Veteran's active service is also inconsistent with the record. The Veteran has presented competent and credible statements indicating that he continued to experience pain and other symptoms after his separation from active service through the time of his right knee surgery in 2009. Because the July 2015 VA examiner's opinion is inadequate for decision-making purposes, the matter must be remanded for an addendum opinion. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

Accordingly, the case is REMANDED for the following action:

1. Forward the record and a copy of this remand to the examiner who conducted the July 2015 VA examination or, if that examiner is not available, to a similarly qualified VA clinician for completion of an addendum opinion. If the examiner determines that another in-person examination of the Veteran is required to provide any of the below-requested information, then such an examination should be scheduled. Following review of the record, the examiner should express an opinion as to:

Whether it is at least as likely as not (50 percent or greater probability) that any current right knee disability had its onset during the Veteran's active service or is otherwise etiologically related to the Veteran's active service.

The examiner must indicate that the entire record was reviewed. A complete rationale must be provided for each opinion given. In providing the above-requested opinion the examiner must note that the Veteran is credible as to his statements that he slipped, fell, and hit his knee while performing a rescue during active service; that he experienced pain and swelling after hitting his knee; that he continued to experience such symptoms until 2009 when he was first diagnosed with and underwent surgery for torn lateral meniscus of the right knee; and that he had no right knee injuries between the time of the in-service fall and the 2009 treatment for right knee symptoms. Therefore, his statements in that regard should be accepted as true. See also Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (a lack of contemporaneous medical records does not, in and of itself, render lay evidence not credible). The examiner should also note that an in-service diagnosis is not required for service connection. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2016).

2. After completion of the above, review the expanded record, including the evidence entered since the supplemental statement of the case, and determine whether service connection may be granted. If any benefit sought remains denied, furnish the Veteran and his representative with a supplemental statement of the case. A reasonable period should be allowed for response before the appeal is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).